UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| JAMES L. O'CONNOR, ) | Case No.: 2:06-cv-00888-RLH-LRL |
| ) | |
| Plaintiff, ) | **O R D E R** |
| ) | |
| vs. ) | (Motion to Dismiss or Change of Venue–#9) |
| ) | |
| CIRCUIT COURT OF THE FIRST ) | |
| CIRCUIT/HAWAII, and HARTFORD ) | |
| UNDERWRITERS INSURANCE COMPANY, ) | |
| ) | |
| Defendants. ) | |
| _____) | |

      Before the Court is Defendant Hartford Underwriters Insurance Company's ("Hartford") **Motion to Dismiss or for Change of Venue** (#9), filed September 27, 2006. The Court has also considered Plaintiff's Opposition (#13, #15, #16), filed October 5, 11, and 12, 2006, respectively. The Court has also considered Defendant Hartford's Reply (#17), filed October 18, 2006.

      The Court has used this information in much of its consideration for a *sua sponte* dismissal of the claims with prejudice as to all parties under Fed. R. Civ. P. 12(b)(6).

**BACKGROUND**

      Plaintiff has provided very little facts as to the background of this case, but does not deny or contradict those provided by Defendant, which are easily verifiable. Neither Plaintiff or

1

1  Defendant disagree with each other on the facts as stated in the motion, response and reply before
2  the Court.  Therefore, for convenience and simplicity, the Court borrows heavily from the
3  language of the Motion to lay out the genealogy of this litigation.  The Court notes however that it
4  only uses Plaintiff's alleged facts in deciding the case before the Court.
5         On June 28, 1990, Plaintiff was involved in an automobile accident on Kamhameha
6  Highway in Hawaii.  There is no dispute that Plaintiff was insured by Hartford at the time of the
7  accident.  Plaintiff made claims against Hartford under the policy, and on April 8, 1993, Plaintiff
8  filed a complaint against Pacific Insurance Comapany, Ltd. in the State Court of Hawaii.
9         On April 28, 1994, Plaintiff filed a Motion for Court Order on Arbitration in his
10 state action.  The court granted the motion, but no written order was entered.  On September 27,
11 1994, Hartford filed a motion for summary judgment in the state action on the grounds that
12 Plaintiff had failed to name a proper arbitrator.  The court granted the motion and judgment was
13 entered on May 12, 1995.
14        Plaintiff appealed the judgment, and on May 19, 1997, the Hawaii Intermediate
15 Court of Appeals vacated judgment in the state action and remanded the case with directions to
16 enter an order staying the case pending arbitration.
17        On May 7, 1999, Plaintiff filed an action in the United States District Court for the
18 District of Hawaii against Hartford which alleged bad faith refusal to pay an insurance claim.  On
19 June 22, 2000, Plaintiff voluntarily dismissed his action against Hartford only to request
20 reconsideration of his attempt to retain his action.  The court denied Plaintiff's Motion for
21 Reconsideration on July 27, 2000.  Plaintiff filed an appeal of that court's order on August 22,
22 2000.  On October 24, 2000, the U.S. Court of Appeals for the Ninth Circuit denied Plaintiff's
23 appeal for lack of merit.
24        On November 19, 1999, Plaintiff brought an action for consequential and punitive
25 damages based upon allegations of Hartford's bad faith refusal to pay an insurance claim.  Plaintiff
26 filed this action in the United States District Court of the Southern District of California.  On April

21, 2000, the court in that action granted Hartford's Motion to Dismiss Complaint with Prejudice and awarded Rule 11 sanctions because it lacked subject matter jurisdiction and venue.

On July 19, 2006, Plaintiff filed the present action. Plaintiff alleges violations of his civil rights pursuant to 42 U.S.C. § 1983. Specifically, Plaintiff claims that the Circuit Court of the First Circuit of Hawaii ("Hawaii Court") conspired with Hartford to deny Plaintiff his rights because of Plaintiff's race. As evidence of this, Plaintiff asserts that there is a large amount of racism in Hawaii of which tourists are completely unaware. Furthermore, as evidence of the conspiracy Plaintiff notes that Defendant filed a motion to dismiss in the original action, and that the Hawaii Court granted the motion (this may be the motion for summary judgment mentioned above, but Plaintiff does not give any dates or record of the motion so it is hard to tell). Plaintiff also mentions a "meeting" that happened in a library between Hartford and the Hawaii Court. This meeting is more fully addressed by the Court below.

**DISCUSSION**

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides that a court may dismiss a complaint for "failure to state a claim upon which relief can be granted." "[A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); s*ee also Yamaguchi v. U.S. Dept. of the Air Force*, 109 F.3d 1475, 1481 (9th Cir. 1997). All factual allegations set forth in the complaint "are taken as true and construed in the light most favorable to [p]laintiffs." *Epstein v. Washington Energy Co.*, 83 F.3d 1136, 1140 (9th Cir. 1999). Dismissal is appropriate "only if it is clear that no relief could be granted under any set of facts that could be proven consistent with the allegations." *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984); s*ee also McGlinchy v. Shell Chem. Co.*, 845 F.2d 802, 810 (9th Cir. 1988).

It is well settled in the Ninth Circuit that "[a] trial court may dismiss a claim sua sponte under [FRCP] 12(b)(6). *See Wong v. Bell*, 642 F.2d 359, 361-62 (9th Cir. 1981). . . . Such

a dismissal may be made without notice where the claimant cannot possibly win relief." *Omar v. Sea-Land Serv., Inc.*, 813 F.2d 986, 991 (9th Cir. 1987).  Notice has not been provided to the Plaintiff because the Court determines that the claimant cannot possibly win relief even by amending the complaint. *Thinket Ink Information Resources, Inc. v. Sun Microsystems, Inc.*, 368 F.3d 1053, 1061 (9th Cir. 2004) (holding that dismissal without leave to amend is improper unless the complaint could not be saved by any amendment); *see also Saul v. United States*, 928 F.2d 829, 843 (9th Cir. 1991) ("A district court does not err in denying leave to amend where the amendment would be futile.").  Therefore, for the reasons articulated below the Court finds that any amendment to Plaintiff's would be futile and that Plaintiff cannot possibly win relif.  As such, the Court dismisses with prejudice all claims as to all Defendants as presented here to the Court.  The Court's analysis is thorough in an effort to explain to Plaintiff the futility of his argument, but also to sincerely encourage him to focus his efforts in the Hawaii Court proceedings which are still in progress.

**(1) 42 U.S.C. § 1983**

"Under [§] 1983, persons are liable if they act under *color of law* to deprive individuals of 'any rights, privileges, or immunities secured by the Constitution and laws' of the United States." *Watson v. Weeks*, 436 F.3d 1152, 1157 (9th Cir. 2006) (emphasis added). "However, private parties are not generally acting under color of state law, and we have stated that '[c]onclusionary allegations, unsupported by facts, [will be] rejected as insufficient to state a claim under the Civil Rights Act.'" *Price v. State of Hawaii*, 939 F.2d 702, 707-08 (9th Cir. 1991) (alterations in original).

Plaintiff has simply not made anything more than a conclusionary allegation that the Hawaii Court and Hartford conspired against him.  By reading Plaintiff's complaint, all that can be determined is that the Circuit Judge ruled against Plaintiff on whether another insurance provider should be a second defendant, and the "CIRCT BACKED UP HARTFORD." (Compl. 4). Also, as mentioned above, Plaintiff feels that when the Hawaii Court granted Hartford's "motion

to dismiss" that was evidence of conspiracy. (Doc. 13, Pl's. Resp., 4.) Naturally a court must decide a motion one way or another. If the Court gets a decision wrong then the Plaintiff can appeal. An adverse decision on a motion does not imply that there is rampant race discrimination as the Plaintiff suggests. Throughout the entire complaint there is not one fact or piece of evidence linking racism to the Hawaii Court or to Hartford. Though in Plaintiff's response he states with emphasis: "Racism will be the issue most central or material to this case." (Doc. 13, Pl's. Reply, 4.) (emphasis in original).

As to the alleged conspiracy (allegedly inspired by this racism), the Plaintiff also offers as evidence in his complaint the following statement: "THE CIRCT AND HARTFORD DID MEET AT THE HONOLULU COUNTY LAW LIBRARY IN BACK OF THE SUPREME COURT BUILDING." (Compl. 3.) That is all. Plaintiff does not describe the meeting, does not refer to it meaningfully in his response to Defendant, does not allege anything specific that happened in the meeting, nor does Plaintiff state how he knew of the meeting. In short, the statement means nothing.

Therefore, given that there is nothing more than "'[c]onclusionary allegations, unsupported by facts," the Court cannot determine how Hartford, a private party, was "acting under color of state law" and Plaintiff's allegations "will be rejected as insufficient to state a claim [under § 1983] ." *Price*, 939 F.2d at 707-08. But this analysis only relieves Hartford. The Hawaii Court obviously acts under color of law.

### *(2)  Eleventh Amendment*

The Hawaii Court also cannot be held liable under § 1983. The Eleventh Amendment of the Constitution of the United States of America reads: "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State."

////

The Hawaii Court is not a "person" within the meaning of § 1983, but is rather an "arm of the State" for Eleventh Amendment purposes. *Greater Los Angeles Council on Deafness, Inc. v. Zolin*, 812 F.2d 1103, 1110 (9th Cir. 1987). As such, the Hawaii Circuit Court is not liable under § 1983. *See Will v. Michigan Dept. of State Police*, 491 U.S. 58, 70-71 (1989) (holding that "arms of the state" are not liable under § 1983 claims); *Groten v. California*, 251 F.3d 844, 851 (9th Cir. 2001) (holding that arms of the state are not liable under § 1983). Therefore, it is clear that the Court would not be able to grant relief to Plaintiff, and an amendment would be futile.

### *(3) Judicial Immunity*

Another reason the Court cannot hold the Hawaii Court liable is because of judicial immunity. "It is well established that state judges are entitled to absolute immunity for their judicial acts." *Swift v. California*, 384 F.3d 1184, 1188 (9th Cir. 2004). However, Plaintiff may be alleging that these are acts of the Hawaii Court as an entity. The Ninth Circuit has identified several factors to determine whether or not an act is judicial or non-judicial and therefore whether judicial immunity applies: (1) the act is a normal judicial function, (2) where the events occurred, (3) the controversy centered around a case pending before the judge, and (4) the events at issue "arose directly and immediately out of a confrontation with the judge in his or her official capacity." *In re Complaint of Judicial Misconduct*, 366 F.3d 963, 965 (9th Cir. 2004).

The Court finds that the acts involved in this case are judicial in nature. Once again there is an overwhelming paucity of facts. Plaintiff never makes clear how the Hawaii Court as an entity is liable as opposed to all the individual justices that worked on his case. It is hard for the Court to discuss the "meeting" because Plaintiff does not discuss it, and therefore the Court cannot deem that it was non-judicial. However, as to other acts wherein the Plaintiff alleges he was verbally assaulted by the judge, and where the judge decided against Plaintiff on motions, it is hard to see how they would not qualify as judicial acts. It is hard to see how any actions alleged are those of the Hawaii Court as an entity. But because the Court finds that any pertinent actions are

judicial in nature, those actions would be subject to absolute judicial immunity. *In re Castillo*, 297 F.3d 940, 947 (9th Cir. 2002) (holding that absolute judicial immunity is not reserved solely for judges, but extends to all claims relating to the exercise of judicial functions). Therefore, whether the claims lay correctly with the entity or with the judges individually, absolute judicial immunity applies.

"This absolute immunity insulates judges from charges of erroneous acts or irregular action, *even when it is alleged that such action was driven by malicious or corrupt motives*, or when the exercise of judicial authority is 'flawed by the commission of grave procedural errors.'" *Id.* (citations omitted) (emphasis added). Judicial immunity clearly applies in this case, therefore relief cannot be granted, and therefore the case will be dismissed with prejudice under 12(b)(6).

### *(4) Appeals Process - Public Policy of Judicial Immunity*

The judicial immunity doctrine exists to "discourage[] collateral attacks on final judgments through civil suits, and thus promotes the use of 'appellate procedures as the standard system for correcting judicial error.'" *Id.* (*quoting Forrester v. White*, 484 U.S. 219, 225 (1988)).

The Court notes that Plaintiff's limited success in this litigation has been in Hawaii. The appeals court in Hawaii has vacated the lower court's decision in Plaintiff's favor, and the Hawaii Court has granted motions to move to arbitration. All of Plaintiff's attempts to enter federal court (Hawaii, California, and now here in Nevada) have returned negative results at the trial and appellate levels. As a policy matter, the Court admonishes the Plaintiff to use the proper channels for correcting judicial error when needed.

### *(5) Statute of Limitations*

Because § 1983 does not contain its own statute of limitations, "federal courts borrow the statute of limitations for § 1983 claims applicable to personal injury claims in the

7

forum state." *TwoRivers v. Lewis*, 174 F.3d 987, 991 (9th Cir. 1999) (*citing Wilson v. Garcia*, 471 U.S. 261, 279-80 (1985). In *TwoRivers* the Ninth Circuit clarified however that federal law "determines when a civil rights claim accrues." *Id*. Accordingly, "[u]nder federal law, a claim accrues when the plaintiff knows *or has reason to know* of the injury which is the basis of the action." *Id.* (emphasis added).

The Nevada Supreme Court has held that in Nevada (the forum state), the applicable personal injury statute is Nev. Rev. Stat. § 11.190(4)(e) (2006) (stating that the period of limitation for general "injuries to a person" is two years). *Day v. Zubel*, 922 P.2d 536, 539 (Nev. 1996). As such, the statute of limitations to bring a § 1983 claim is two years. Certainly Plaintiff's claim falls well beyond this statutory limit. As stated above, the claim accrues when the plaintiff "has reason to know of the injury." *TwoRivers*, 174 F.3d at 991. Plaintiff never actually connects Hartford or the Hawaii Court to racism with specific facts. The logic of Plaintiffs argument is invalid: (A) there is rampant racism in Hawaii, and therefore (B) racism was the motivating factor in Plaintiff's case. There is nothing connecting the initial premise to the conclusion. However, regardless of the invalidity, given the extent to which Plaintiff portrays the racism in Hawaii, and racism's central role in this case, Plaintiff would have had reason to know long ago of any connection that existed. Therefore, the Court finds that Plaintiff's § 1983 claim is beyond the statute of limitations is time barred. Therefore relief cannot be granted, and amendment would be futile.

### *Summary*

It would be error to dismiss a pro se case if the claims could be cured with guidance from the Court given leave to amend. However, it is clear to the Court that the Plaintiff cannot cure the deficiencies in his Complaint: Hartford was not acting under the color of law and therefore is not liable under § 1983; the Eleventh Amendment precludes a § 1983 claim against a state court, the Judges in Hawaii and the Court are protected in this matter by Judicial Immunity;

Plaintiff is seeking a resolution that is more appropriately sought in the State Appellate system; and, the statute of limitations has run on this § 1983 claim. Therefore, it is not an abuse of discretion to dismiss the Plaintiff's claims with prejudice.

The Court sincerely hopes that the Plaintiff will seek a speedy resolution to this matter in the Hawaii Court instead of continuing to prolong it with various federal lawsuits.

**CONCLUSION**

Accordingly, and for good cause appearing,

IT IS HEREBY ORDERED that all Defendant's claims are dismissed with Prejudice.

Dated:   October 30, 2006.

_____
ROGER L. HUNT
United States District Judge

AO 72
(Rev. 8/82)